UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| CRAIG MOSKOWITZ, individually and on behalf of others similarly situated, | Civil Action No.: |
| Plaintiff, | |
| -against- | **CLASS ACTION COMPLAINT** |
| NATIONAL PATIENT ACCOUNT SERVICES, INC. d/b/a NPAS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

-----------------------------------------------------------------

Plaintiff CRAIG MOSKOWITZ ("Plaintiff") by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant NATIONAL PATIENT ACCOUNT SERVICES, INC. d/b/a NPAS, INC. (hereinafter referred to as "Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

2. Plaintiff CRAIG MOSKOWITZ is a resident of the State of New York, residing at 501 Seven Fields Lane, Brewster, New York 10509.

3. Defendant NATIONAL PATIENT ACCOUNT SERVICES, INC. and/or NPAS, INC., is a business engaged in debt collection in the State of Tennessee with an address at One Park Plaza, Nashville, TN 37203-6527.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by

Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding

declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from Plaintiff.

23. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending the Plaintiff a mass-produced notice dated August 20, 2015. A copy of Defendant's notice to Plaintiff is attached hereto as Exhibit "A."

24. Defendant's notice informed Plaintiff that a medical facility with a balance of $329.55 was requesting payment to be mailed to the medical facility's name and address.

25. Defendant stated: "Our records reflect that you were previously contacted regarding the unpaid balance of the account. We urge you to send payment in full today. In the event you are unable to pay the balance in full, please contact us to discuss options for resolving your account."

26. Defendant's notice further stated: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

27. On October 23, 2015, Plaintiff placed a telephone call to Defendant at the

number provided.

28. Plaintiff was thereupon connected to a representative who identified herself as "Cheyenne."

29. Plaintiff expressed confusion about the notice he received which appeared to be a collection notice from Defendant but requested payment to be mailed to a creditor.

30. "Cheyenne" stated that Defendant was not a debt collector but only "in your state" they are considered a debt collector, they actually are not.

31. Plaintiff stated that because he was out of state when the service was rendered, he was unable to provide his medical insurance information and offered to provide it to "Cheyenne."

32. Plaintiff additionally asked "Cheyenne" to clarify if Defendant was a debt collector.

33. "Cheyenne' responded by repeating: "In your state they consider us a debt collector but it's not, we just help with the billing."

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.